**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELAINE MORRELL,** | : | **No. 3:04cv1690** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **BOROUGH OF THROOP; GEORGE** | : | |
| **MARUSHOCK, Throop Council President;** | : | |
| **DARYL MENICHETTI, Throop Council** | : | |
| **Member; CINDY BLANCHARD, Throop** | : | |
| **Council Member; SUSAN SHORTZ, Throop** | : | |
| **Council Vice President,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Presently before the Court for disposition is a discovery dispute wherein Plaintiff Elaine Morrell ("Morrell") seeks to compel production of a letter written by Attorney Sean McDonnough, former attorney for Defendant Borough of Throop, George Marushock, Daryl Menichetti, Cindy Blanchard, and Susan Shortz (collectively "the defendants"). The defendants object to the production of this letter on the grounds that it is protected by the attorney work product doctrine. This matter has been fully briefed and is ripe for disposition. For the following reasons we find that the work product doctrine protects this letter from discovery.

**Background**

In the instant suit, Morrell alleges that Defendant Borough of Throop ("Borough") terminated her employment in violation of her First Amendment rights. The Borough employed Morell as an administrator for twelve years. In January 2004, Defendants George Marushock, Daryl Manichetti, Cindy Blanchard, and Susan Shortz (" the individual defendants")

took office, and comprised the majority of the Borough Council.  Thereafter, the Borough

Council terminated three employees, Stanley Gongliewski, Ronald Bukowski, and Lenore

Dolan, who had previously openly opposed the individual defendants in their bid for election.

These former employees filed suit in federal court against the Borough and the individual

defendants in <u>Gongliewski v. Throop</u>, 04cv246.

In June 2004, during discovery in the <u>Gongliewski</u> case, Plaintiff was compelled to

submit to a deposition.  Three weeks after this deposition, Plaintiff was terminated without

notice.  Plaintiff alleges that the defendants terminated her employment because her

deposition testimony was adverse to their interests in <u>Gongliewski</u>.

**Discussion**

After the depositions in <u>Gongliewski</u> concluded, the defendants' attorney, Sean

McDonough, sent a letter to the defendants' insurance carrier.  This letter summarized each

witness' testimony, including Morrell's.  Morrell seeks to discover the portion of this letter

describing her testimony.  She notes that Louis Cimini, the borough solicitor, was copied on

the letter, and he has testified that he forwarded all correspondance as a matter of course to the

defendants.  Therefore, Morrell would argue that the defendants received the contents of the

letter at issue, and would have knowledge of the substance of her deposition testimony.  The

defendants argue that the letter is protected by the work product doctrine.

The work product doctrine is codified in Federal Rule of Civil Procedure 26 ("Rule

26") as follows:

> a party may obtain discovery of documents and tangible things otherwise

> discoverable . . . and prepared in anticipation of litigation for trial by or
> for another party of by or for that other's party's representative (including
> the other party's attorney, consultant, surety, indemnitor, insurer, or
> agent) only upon a showing that the party seeking discovery has
> substantial need of the materials in preparation of the party's case and that
> the party is unable without undue hardship to obtain the substantial
> equivalent of the materials by other means.  In ordering discovery of such
> materials when the required showing has been made, the court shall
> protect against disclosure of the mental impressions, conclusions,
> opinions, or legal theories of an attorney or other representative of a
> party concerning the litigation.

FED. R. CIV. P. 23(b)(3).

If materials prepared in anticipation of litigation were discoverable,

> much of what is now put down in writing would remain unwritten. An
> attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency,
> unfairness and sharp practices would inevitably develop in the giving of legal
> advice and in the preparation of cases for trial. The effect on the legal
> profession would be demoralizing. And the interests of the clients and the
> cause of justice would be poorly served.

Hickman v. Taylor, 329 U.S. 495, 511 (1947).

Morrell argues that the letter does not include Attorney McDonough's "mental impressions, conclusions, opinions, or legal theories" and thus does not merit the heightened protection of Rule 26(b)(3).  Following our *in camera* review, we disagree.  The letter does not merely summarize Morrell's testimony, but a few portions of the letter provide Attorney McDonough's mental impressions of the testimony and his conclusions.

The remaining portions of the letter, however, merely provide a summary Morrell's testimony.  With regard to these portions, Morrell argues that the work product doctrine does not apply because, within the meaning of Rule 26(b)(3), she has a "substantial need" for the information and "is unable without undue hardship to obtain the substantial equivalent of the

materials by other means."  She argues that the letter "may help" to demonstrate that the

defendants had knowledge of the contents of her deposition testimony and they have no other

method of obtaining this evidence.  We disagree.

Based on our <u>in camera</u> review of the letter, Morrell cannot show that she is unable to

obtain the factual recitations of the letter through other means without undue hardship.  Indeed,

the letter merely summarizes her own testimony; facts which, by definition, she already knows.

Thus, Morrell does not argue that she needs the facts contained in the letter.  Instead, she

argues that she needs the fact that the letter existed, contained a summary, and eventually

unveiled her deposition testimony to the defendants.  She argues "the factual recitation in the

McDonough Letter may help to establish this timeline."  (Pl. Br. at 4). Her speculation that

otherwise protected attorney work product "may help" her prove her case is insufficient to

establish substantial hardship.  Morrell has not demonstrated that she cannot establish her

timeline through other means, or that without the letter itself she will be unable to demonstrate

that the defendants knew of the contents of the letter.  Thus, we find Morrell has not satisfied

her burden to show that the work product doctrine does not apply to this letter.

Finally, Plaintiff argues that we should apply a judicial exception to the work product

doctrine.  They argue that courts have made an exception for "evidence directly relevant to the

claims at issue before the Court."  <u>Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.</u>, No.CIV.A.

88-9752, 1993 WL 106429, at *15 (E.D. Pa. Mar. 30, 1993).  This exception, created by the

district court in <u>Rhone-Poulenc</u>, was specifically rejected by the court of appeals in the same

case.  "Relevance is not the standard for determining whether or not evidence should be

4

protected from disclosure as privileged, and that remains the case even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue." <u>Rhone-Poulenc Rorer v. Home Indemnity Co.</u>, 32 F.3d 851, 863 (3d Cir. 1994). Therefore, we find no judicial exception to the work product rule exists for relevant or vital evidence.

Thus, we conclude that a portion of the letter contains mental impressions and as such is absolutely protected by the work product doctrine.  Morell  has failed to make the requisite showing of "substantial need" and "undue burden."  Thus, attorney Sean McDonough's letter is protected by the work product doctrine and is non-discoverable.  However, we caution that our ruling does not extend to protect the fact that such a letter existed, that Sean McDonough sent a letter containing a summary of Morrell's deposition testimony, or that the defendants received or had knowledge of this letter.  "Rule 26(b)(3) itself provides protection only for documents and tangible things and ... does not bar discovery of facts a party may have learned from documents that are not themselves discoverable." 8 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024, at 337 (2d ed 1994).  The letter itself, however, is protected by the work product doctrine.  An appropriate order follows.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELAINE MORRELL,** | : | **No. 3:04cv1690** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **BOROUGH OF THROOP; GEORGE** | : | |
| **MARUSHOCK, Throop Council President;** | : | |
| **DARYL MENICHETTI, Throop Council** | : | |
| **Member; CINDY BLANCHARD, Throop** | : | |
| **Council Member; SUSAN SHORTZ, Throop** | : | |
| **Council Vice President,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 20th day of May 2005, it is hereby **ORDERED** that the letter sent by Attorney Sean McDonough to Dave B. Swartz dated July 13, 2004 is protected by the work product doctrine and is non-discoverable under Federal Rule of Civil Procedure 26(b)(3).

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

6